IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT MILLER #866293 | § | |
| v. | § | CIVIL ACTION NO. 6:15cv382 |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Miller, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Miller named the University of Texas Medical Branch, TDCJ Director Rick Thaler, Sgt. Yesenia Beltran, Warden Wayne Brewer, Dr. Eldon Monk, Sgt. Chris Divin, Sgt. Marciela Rendon, Warden Edgar Baker, Dr. Paul Shrode, Nurse Virginia Shafer, Dr. Robert Criss, Sheriff Jerry Franklin, Nurse Charlotte Bussey, and Captain Christopher Holman.

Miller raises a number of complaints in his lawsuit, including allegations that: he was denied medical care by Beltran, Divin, Nurse Shafer, Dr. Monk, and Anita Williams; Divin lied to psychiatrists at the Skyview Unit in an attempt to keep Miller at the Michael Unit; Beltran retaliated against him because Miller did not want to continue their "crazy and bizarre sexual relationship"; and Sheriff Jerry Franklin of Lynn County, Texas is extremely corrupt, has committed numerous counts of premeditated attempted capital murder, and has tried to get Miller indicted for murder without any evidence. Franklin has also tried to get Beltran and an officer named Aimee Clark to coach gang members to kill Miller.

1

After review of the pleadings, the magistrate judge issued a report recommending that the lawsuit be dismissed. The magistrate judge observed that Miller has previously filed litigation raising some or all of these same claims, including: Miller v. University of Texas Medical Branch, et al., civil action no. 6:14cv833 (E.D.Tex., dismissed as barred by 28 U.S.C. §1915(g) on January 12, 2015, no appeal taken); Miller v. Franklin, et al., civil action no. 5:11cv149 (N.D.Tex., dismissed as frivolous and malicious August 24, 2011, no appeal taken); Miller v. University of Texas Medical Branch, et al., civil action no. 4:13cv1184 (S.D.Tex., dismissed as barred by 28 U.S.C. §1915(g) on April 30, 2013, no appeal taken); and Miller v. University of Texas Medical Branch, et al., civil action no. 1:13cv337 (E.D.Tex., dismissed as barred by 28 U.S.C. §1915(g) on February 12, 2014, no appeal taken). The magistrate judge also determined, as did other courts listed above, that Miller's claims are barred by the three-strikes provision of 28 U.S.C. §1915(g).

Miller has filed two sets of objections and a motion for reconsideration construed as objections. His conclusory assertions of imminent danger are not sufficient to trigger the exception to 28 U.S.C. §1915(g), particularly in light of the fact that these same assertions were rejected in the cases set out above. *See* Chavis v. Chappius, 618 F.3d 162, 170 (2nd Cir. 2010) (conclusory allegations do not satisfy the imminent danger exception); *accord*, Perez v. Gooden. civil action no. 5:13cv36, 2013 U.S. Dist. LEXIS 80938 (E.D. Tex., June 10, 2013, no appeal taken); McClure v. Langley, civil action no. 5:11cv208, 2012 U.S. Dist. LEXIS 72329 (E.D. Tex., May 24, 2012, no appeal taken) (same). Miller did not address the fact that his claims have previously been raised and rejected in other cases.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

2

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is **DENIED**. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $400.00 filing fee. It is further

**ORDERED** that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED** this 21st day of October, 2015.

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE